**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:10-cr-20672-KMM-6

UNITED STATES OF AMERICA

v.

WILFREDO GONZALEZ ARCE,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon the United States Probation Office's Petition for Revocation of Supervised Release filed against Defendant Wilfredo Gonzalez Arce ("Defendant"). (ECF No. 428). The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, to take "all necessary and proper action as required by law with respect to any and all violations of Supervised Release as to Defendant." (ECF No. 432). On October 8, 2021, the United States Probation Office filed a Superseding Petition, ("Superseding Pet.") (ECF No. 453). And, on October 22, 2021, an approximately four-hour and forty-minute evidentiary hearing was held. (ECF No. 463). Magistrate Judge Louis issued a Report and Recommendation on Petition for Revocation of Supervised Release ("Report and Recommendation"), recommending that the Court adopt the finding that Defendant violated the conditions of his supervised release as alleged in the Superseding Petition at Violation Nos. 1 through 4 and 12 through 14. *See generally* ("R&R") (ECF No. 469). Defendant filed Objections to the Report and Recommendation. ("Objs.") (ECF No. 472). The Government filed a response. ("Objs. Resp.") (ECF No. 473). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED IN PART.

**I.     BACKGROUND**

On September 27, 2011, a federal grand jury sitting in the Southern District of Florida returned a Superseding Indictment charging Defendant Wilfredo Gonzalez Arce with conspiracy to possess with intent to distribute marijuana and 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), (b)(1)(C) ("Count 1"). *See generally* ("Superseding Indict.") (ECF No. 161).

On November 16, 2011, the Court accepted Defendant's plea of guilty as to Count 1 of the Superseding Indictment, (ECF Nos. 189, 190), and, on May 24, 2012, the Court sentenced Defendant to thirty (30) months of imprisonment, to be followed by three (3) years of supervised release, (ECF No. 316). After Defendant was released from prison, his term of supervised release was revoked on October 13, 2016 when he admitted to violating the conditions of his release. (ECF Nos. 421, 424). The Court sentenced Defendant to ten (10) months of imprisonment, to be followed by fifty (50) months of supervised release, (ECF No. 424), which commenced on June 12, 2017. (ECF No. 453).

On November 6, 2020, the United States Probation Office filed a Petition for Revocation of Supervised Release, alleging that Defendant committed four violations of the conditions of his release. (ECF No. 428). On October 8, 2021, the United States Probation Office filed the instant Superseding Petition, (ECF No. 453), alleging that Defendant committed fourteen violations of the conditions of his release. The fourteen violations alleged are as follows:

1. Violation of Mandatory Condition, by failing to refrain from violation of the law. On October 29, 2020, in Miami, Florida, the defendant committed the offense of Burglary/Dwelling/Structure/Damage Less than $1000.00, contrary to Florida Statute 810.02(2)(C)2, a first-degree felony.

2. Violation of Mandatory Condition, by failing to refrain from violation of the law. On October 29, 2020, in Miami, Florida, the defendant committed the offense of Grand Theft 3rd Degree/Vehicle, contrary to Florida Statute

812.014(2)(C)6, a third-degree felony.

3. Violation of Mandatory Condition, by failing to refrain from violation of the law. On October 29, 2020, in Miami, Florida, the defendant committed the offense Grand Theft 2nd Degree/Greater than $20,000.00 less than $100,000.00, contrary to Florida Statute 812.014(2)(B), a second-degree felony.

4. Violation of Mandatory Condition, by failing to refrain from violation of the law. On October 29, 2020, in Miami, Florida, the defendant committed the offense of Criminal Mischief/$1,000.00 or More, contrary to Florida Statute 806.13(1)(B)3, a third-degree felony.

5. Violation of Mandatory Condition, by failing to refrain from violation of the law. On March 31, 2021, in Miami, Florida, the defendant committed the offense of Ran Stop Sign, in violation of Florida Statute 316.123(2)(A).

6. Violation of Mandatory Condition, by failing to refrain from violation of the law. On April 29, 2021, in Miami, Florida, the defendant committed the offense of Speed/Posted Zone (State Road), in violation of Florida Statute 316.187(1).

7. Violation of Mandatory Condition, by failing to refrain from violation of the law. On July 27, 2021, in Miami, Florida, the defendant committed the offense of Safety Belt Violation by Driver, in violation of Florida Statute 316.614(4)(B).

8. Violation of Mandatory Condition, by failing to refrain from violation of the law. On July 27, 2021, in Miami, Florida, the defendant committed the offense of Unlawful speed, in violation of Florida Statute 316.183(2).

9. Violation of Mandatory Condition, by failing to refrain from violation of the law. On July 31, 2021, in Miami, Florida, the defendant committed the offense of Careless Driving, in violation of Florida Statute 316.1925(1).

10. Violation of Mandatory Condition, by failing to refrain from violation of the law. On July 31, 2021, in Miami, Florida, the defendant committed the offense of Prohibited lights on Vehicle-Blue, in violation of Florida Statute 316.2397(2).

11. Violation of Mandatory Condition, by failing to refrain from violation of the law. On July 31, 2021, in Miami, Florida, the defendant committed the offense of No Registration Certificate, in violation of Florida Statute 320.0605.

12. Violation of Standard Condition, by failing to follow the instructions of the probation officer. On December 28, 2020, the defendant failed to call this probation officer every Monday while out on bond to provide updates on his

      state charges and employment status, as directed.

13. Violation of Standard Condition, by failing to notify the probation officer within 72 hours of being arrested or questioned by law enforcement. On March 31, 2021; April 29, 2021; July 27, 2021; and July 31, 2021; the defendant was given traffic citations by Miami Dade Police Department in Miami, Florida, and he failed to advise the U.S. Probation Officer.

14. Violation of Standard Condition, by failing to follow the instructions of the probation officer. On September 1, 2021, the defendant failed to provide monthly bank statements to confirm his employment status, as directed.

*See generally* Superseding Pet.

The Government later abandoned Violation Nos. 5 through 11, as noted in the Report and Recommendation, and an evidentiary hearing was held on October 22, 2021 as to Violation Nos. 1 through 4 and 12 through 14. R&R at 2, 4; (ECF No. 463). At the evidentiary hearing, Defendant argued that the Government failed to prove the violations alleged in Violation Nos. 1 through 4, which relate to state criminal charges, because the Petition and Superseding Petition both allege that the violations occurred on October 29, 2020, the date of Defendant's arrest, as opposed to October 21, 2020, the date of the conduct for which evidence was put forth. R&R at 2.

Magistrate Judge Louis also heard evidence from four witnesses: (1) Guadalupe Melo, who is the Property Manager of Public Storage, the storage company where the alleged underlying crimes occurred, (2) Detective James Poling, who was one of the investigating officers (3) Detective Edward Henrique, who was one of the investigating officers, and (4) Defendant's United States Probation Officer, Jason Roberts. *Id.* at 5–8. In addition, the Government's exhibits were admitted into evidence. *Id.* at 5; *see also* (ECF No. 466).

As set forth in the Report and Recommendation, Magistrate Judge Louis recommends that the Court adopt the finding that Defendant violated the conditions of his supervised release as alleged in Violation Nos. 1 through 4 and 12 through 14 of the Superseding Petition. R&R at 14.

4

**I.     LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

With respect to a magistrate judge's credibility findings, "a district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007). "Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible only when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" *Id.* (citing *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)).

**II.    DISCUSSION**

Defendant raises objections to the Report and Recommendation in two respects.  First, Defendant renews his challenge to the authority of a magistrate judge to recommend findings of fact and conclusions of law as to the instant alleged violations of release.  Objs. at 2–7.  Defendant argues that because, as to Violation Nos. 1 through 4, the Government put forth evidence of conduct occurring on a date different than that alleged in the Superseding Petition, the Government did not prove what it alleged, and Magistrate Judge Louis did not have the authority to make findings on violations not alleged or referred because a magistrate judge is not authorized to permit modification of a revocation petition.  *Id.*  Relatedly, Defendant argues that he was not provided sufficient notice of the violations alleged for which evidence was put forth.  *Id.*

Second, Defendant objects to Magistrate Judge Louis's findings as to Violation Nos. 1 through 4.  *Id.* at 7.  Specifically, Defendant argues that the Government failed to prove the value of the property allegedly damaged, as part of Violation No. 4.  *Id.* at 7–8.  Further, Defendant argues that, generally, the Government failed to prove Defendant engaged in the criminal conduct alleged in Violation Nos. 1 through 4.  *Id.* at 8–10.  Defendant also appears to challenge Magistrate Judge Louis's findings as to Violation No. 12, and he seems to argue that this Court should overlook the conduct underlying Violation Nos. 13 and 14.  *Id.* at 9.

    **A.**    **Defendant's Jurisdictional and Due Process Objections.**

In the Report and Recommendation, Magistrate Judge Louis notes that Defendant challenges the authority of a Magistrate Judge to consider the violations alleged in Violation Nos. 1 through 4.  R&R at 8–9.  On this point, Defendant argued before Magistrate Judge Louis that the Government failed to prove the violations alleged in the Superseding Petition, as the date of the alleged violations, October 29, 2022, reflected the date of Defendant's arrest, as opposed to the date of the underlying conduct alleged, October 21, 2022, thus necessitating either dismissal or

6

resubmission of the matter to the undersigned because permitting amendment of the Superseding Petition is outside the scope of this Court's referral to Magistrate Judge Louis, as well as the authorization of Magistrate Judge Louis's jurisdiction under 28 U.S.C. § 636 and the Local Rules of this Court. *Id.* However, Magistrate Judge Louis observed that once a defendant is before a court on allegations that they violated the conditions of their supervised release, the court has authority to consider *any* violation of supervised release. *Id.* at 9. Thus, Magistrate Judge Louis first concludes that she had authority to consider the conduct alleged on October 21, 2020 despite the Petition and Superseding Petition identifying the alleged violations as occurring on October 29, 2020. *Id.* at 10.

Second, Magistrate Judge Louis found that, despite the discrepancy in the dates, the Petition and Superseding Petition objectively informed Defendant of the violations alleged because they followed and mirrored the state court charges brought against him for the same underlying conduct, as recognized by Defendant in his motions to continue the evidentiary hearing in this case. *Id.* at 10–11.

Now, in his Objections, Defendant reiterates that a warrant based on the Petition was issued by the undersigned, not by a magistrate judge, and the Petition stated that the conduct underlying the alleged violations occurred on October 29, 2020, yet the evidence the Government put forth at the evidentiary hearing was for conduct that occurred on October 22, 2020.[1] Objs. at 1–3. As a result, Defendant argues that the conduct the Government sought to prove at the evidentiary hearing was not properly before Magistrate Judge Louis, as a magistrate judge is not authorized to amend a supervised release petition. *Id.* at 6–7. And, Defendant argues that the cases cited in the Report

---

[1] The Report and Recommendation notes that the conduct underlying the violations occurred on October 21, 2020 and was discovered on October 22, 2020. R&R at 2.

7

and Recommendation in support of Magistrate Judge Louis's jurisdiction are inapposite. *Id.*

In response, the Government reiterates the holding of *United States v. Presley*, 487 F.3d 1346 (11th Cir. 2007), that once a court has jurisdiction over a defendant to determine whether to revoke supervised release, the court has jurisdiction to consider other allegations of violations. Objs. Resp. at 2.

Upon review of Defendant's Objections, this Court understands Defendant as arguing that, as to Violation Nos. 1 through 4, the Government sought to prove uncharged violations because the evidence presented was for conduct that occurred on October 21, 2020, but Violation Nos. 1 through 4 of the Superseding Petition charged conduct occurring on October 29, 2020. *See generally* Objs.; Superseding Pet. Nonetheless, the Court finds that this case was properly before Magistrate Judge Louis to determine whether Defendant violated the terms of his supervised release.

First, Eleventh Circuit precedent suggests that, once a criminal defendant on supervised release is brought to answer for alleged violations of the terms of their supervision, the Court may consider any violation of supervised release—not just those contained within an initial properly petition. However, such consideration is limited by a defendant's right to have sufficient notice of the violations alleged:

> Although the district court did find Presley guilty of the violation specified in the summons, its authority to determine if his supervised release should be revoked was not confined to the specifications of the summons. Instead, ***once Presley was before the court it had the power to consider any violation of the terms of the release and base a revocation on it***. *See* § 3583(i) (conferring reach back jurisdiction "for any period reasonably necessary for the adjudication of *matters arising before its expiration*" (emphasis added)); *see also United States v. Naranjo*, 259 F.3d 379, 383 (5th Cir. 2001) ("[Section 3583(i)'s] plain language permits revocation based on *any* violation of a condition of supervised release occurring during the supervision term, even if not contained in a petition for revocation filed during that term, so long as a warrant or summons was issued during that term on the basis of *an alleged violation*."). In other words, once the summons gave it

8

> jurisdiction to decide whether to revoke Presley's release, the court also could consider the specifications contained in the warrant. *See* § 3583(i). The defendant must, of course, be given notice but Presley does not suggest that he lacked notice of the charges.

*United States v. Presley*, 487 F.3d 1346, 1349 (11th Cir. 2007) (emphasis added). Here, Defendant was properly before the Court based on the initial Petition and Superseding Petitions, thus the Court had jurisdiction to consider any other violations of supervised release, not just those alleged in the Superseding Petition.

Second, this Court's referral of this *case* to Magistrate Judge Louis was broad. The Court's referral of this case to Magistrate Judge Louis is as follows:

> PAPERLESS ORDER OF REFERRAL TO MAGISTRATE. PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, *this case* is hereby referred to United States Magistrate Judge Lauren Fleischer Louis to take all necessary and proper action as required by law with respect to *any and all violations of Supervised Release* as to Defendant, Wilfredo Gonzalez Arce.

(ECF No. 432) (emphasis added). In his Objections, Defendant asserts that "[t]he necessary and proper action" in this Court's Paperless Order of Referral "pertained to the specific supervised release petition which this Court referred to the Magistrate Judge." Objs. at 2 (emphasis omitted). However, Defendant overlooks that this Court's referral order referred "this case" to Magistrate Judge Louis, not the Petition or the Superseding Petition.[2] *Id.* Further, this Court's Paperless Order of Referral also states that the "necessary and proper action" is as to "*any and all* violations of Supervised Release." (ECF No. 432) (emphasis added).

Accordingly, the Court finds that Magistrate Judge Louis had proper jurisdiction and authority to hear the evidence presented at the October 22, 2021 evidentiary hearing, and

---

[2] After Defendant made an initial appearance on the Superseding Petition, the Court entered an additional Paperless Order of Referral of "the above-captioned cause," making clear that this case was referred to Magistrate Judge Louis. *See* (ECF No. 461).

9

Defendant's objection on this point is overruled.

However, of consequence is whether Defendant had notice of the violations for which the Government put forth evidence of conduct occurring on October 21, 2020, despite alleging conduct occurring on October 29, 2020 in Violation Nos. 1 through 4 of the Superseding Petition. *See Presley*, 487 F.3d at 1349. On this point, neither the Petition nor the Superseding Petition alleged that the conduct underlying Violation Nos. 1 through 4 occurred "on or about" October 29, 2020. *See generally* Pet.; Superseding Pet.

In the Report and Recommendation, Magistrate Judge Louis observes that Defendant cited no cases in which a date discrepancy rose to the level of a Due Process violation. R&R at 10–11. And, Magistrate Judge Louis found that the Petition objectively informed Defendant of the alleged violations because it mirrored the state court charges brought against him. *Id.* at 11. In fact, Magistrate Judge Louis observes that Defendant recognized the state court charges based on October 21, 2020 conduct were the basis for the Petition because Defendant "repeatedly sought to continue the proceedings before this Court in the hopes that the state case would resolve first." *Id.* Further, Magistrate Judge Louis notes that the Petition alleged violations of the same Florida criminal statutes in the state case for conduct occurring within the same month charged in the state case. *Id.* Accordingly, Magistrate Judge Louis found that the date discrepancy was a scrivener's error. *Id.*

Now, in his Objections, Defendant argues that he was not put on notice of violations occurring on October 21, 2020, and he has received no evidence of violations occurring on October 29, 2020, the date of his arrest and the date of the alleged violations in the Superseding Petition. Objs. at 5–6.

In response, the Government argues that Defendant was on notice of the violations because,

despite the date discrepancy between the Superseding Petition and the evidence put forth by the Government, Violation Nos. 1 through 4 mirror the criminal case he faces in state court, and Defendant moved to continue the evidentiary hearing in this case based on the pending state court case. Objs. Resp. at 1–2.

"Due process requires that a defendant be given notice of the claimed violations of his supervised release." *United States v. Cade*, 795 F. App'x 718, 723 (11th Cir. 2019). Here, the Court agrees that Defendant was on notice that he was being charged in Violation Nos. 1 through 4 based on criminal conduct that allegedly occurred on October 21, 2020 despite the date discrepancy in the Superseding Petition because he says as much in his earlier filings on the docket. In his Second Motion to Continue Supervised Release Revocation Hearing, Defendant expressly observes that:

> Defendant is charged with having committed 4 violations of the terms and conditions of his supervised release. Specifically he is charged with having committed 4 criminal acts on October 29, 2020: (a) burglary of a structure; (b) 3rd degree grand theft; (c) 2nd degree grand theft; and (d) criminal mischief. ***These charges are also the subject of a criminal case which is pending in Miami-Dade County Circuit Court***.
>
> [ . . .]
>
> ***The Government has supplied Defendant with a significant amount of discovery, and it is clear that the resolution of this state case will basically involve a mini-trial of this case in federal court***. Further, most if not all, of the issues which will be raised in defending the supervised release violation will be resolved as part of Defendant's State court trial.

(ECF No. 442) at 1–2; *see also* (ECF No. 455) at 1–2 (same). Defendant's arguments in his Objections that he was not on notice of "what, if any criminal conduct occurred on October 22, 2020, for which the probation officer sought revocation of his supervision," Objs. at 7, is betrayed by his requests for a continuance of the evidentiary hearing before Magistrate Judge Louis, notwithstanding the fact **(1)** that the violations alleged in this case mirror his state court charges

11

and **(2)** the date of the violations alleged in this case is the date he was arrested on those state court charges. The Court agrees that the use of the October 29, 2020 date in the Superseding Petition was likely a scrivener's error. *See* R&R at 11. Accordingly, Defendant's objection as to the issue of notice is overruled.

    **B.**    **Objections to Findings of Fact.**

Having found that this case was properly before Magistrate Judge Louis and that Defendant was on notice that he was being called to answer for the alleged October 21, 2020 criminal conduct, where Violation Nos. 1 through 4 of the Superseding Petition alleged violations on October 29, 2020—the date of his arrest for the October 21, 2020 conduct—the Court turns to Defendant's Objections to the Report and Recommendation's findings of fact.

In the Report and Recommendation, Magistrate Judge Louis found a sufficient factual basis upon which to find by a preponderance of the evidence that Defendant committed the violations alleged in Violation Nos. 1 through 4 and 12 through 14 of the Superseding Petition. R&R at 11–15. Defendant lodges various objections to Magistrate Judge Louis's findings. *See generally* Objs. The Government defends Magistrate Judge Louis's findings asserting, in total, that "[i]t is the Government's position that the evidence at the hearing showed by more than a preponderance that [D]efendant violated his supervised release by engaging in the criminal conduct in October 2020." Objs. Resp. at 2.

The Court begins with Defendant's general objection to Magistrate Judge Louis's findings on Violation Nos. 1 through 4.

As to Violation Nos. 1 through 4 as a whole, Defendant argues that the Government failed to prove that it was Defendant who engaged in the alleged criminal conduct underlying those Violations. Objs. at 8–9. This Court disagrees. As noted in the Report and Recommendation, the

Government put forth evidence that **(1)** Defendant rented a storage unit at Public Storage the afternoon of October 21, 2020; **(2)** Defendant requested an outdoor unit because it would be faster to reach that unit; **(3)** Defendant and a companion were observed looking into the security camera monitors when the Property Manager walked away to get them face masks; **(4)** Defendant confirmed that he used his unique gate code to enter Public Storage at 8:50 P.M. and exit at 8:58 P.M., just before the gate locked at 9:00 P.M. on October 21, 2020; **(5)** Defendant remained in the vicinity thereafter based on security camera still photographs from the business adjacent to Public Storage; **(6)** individuals arrived at the Public Storage in a vehicle identical to the one registered to Defendant's wife, and handed bolt cutters over the fence and into the Public Storage parking lot; **(7)** clothes identical to those worn by Defendant in the security camera stills were found in the trunk of a vehicle registered to Defendant's wife that is identical to the one used by the perpetrators of the burglary, based on the security camera stills; **(8)** clothes identical to Defendant's were found in the trunk with bolt cutters and alongside candles identical to those stolen from the burgled storage unit; and **(9)** eighty-eight (88) candles identical to the ones stolen from the burgled storage unit were found stashed in various places throughout Defendant's house, including in places where one would not expect to find candles. *See generally* R&R.

Based on this evidence, the Court agrees with Magistrate Judge Louis that it is likelier than not that Defendant participated in the crimes alleged in Violation Nos. 1 through 4, except as discussed below; Defendant's general objection on this point is overruled.

As to Violation No. 4, the Superseding Petition alleges that Defendant violated the terms of his supervision as follows:

> 4. Violation of Mandatory Condition, by failing to refrain from violation of the law. On October 29, 2020, in Miami, Florida, the defendant committed the offense of Criminal Mischief/$1,000.00 or More, contrary to Florida Statute 806.13(1)(B)3, a third-degree felony.

13

Superseding Pet.

Florida Statutes § 806.13(1)(b)3 proscribes "willfully and maliciously injur[ing] or damag[ing] by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto" where "the damage is $1,000 or greater, or if there is interruption or impairment of a business operation or public communication, transportation, supply of water, gas or power, or other public service which costs $1,000 or more in labor and supplies to restore." Fla. Stat. §§ 806.14(1)(a), (b)3.

In his Objections, Defendant argues that, although the Government may have proven that the chain on the Public Storage gate was cut, the Government failed to prove that the value of the chain was more than $1,000.00, thus the underlying criminal offense alleged in Violation No. 4 of the Superseding Petition is reduced from a Grade B felony to a Grade C misdemeanor.[3] Objs. at 7–8.

At the evidentiary hearing, Detective James Poling testified that cutting the chain on the Public Storage gate damaged the fence and made the gate inoperable electrically when normally the keypad would work. And, the Property Manager for Public Storage testified that it cost more than $100.00 for Public Storage to repair that gate; however, the Property Manager also testified that she did not know whether the repairs cost more than $500.00 when asked by the Government. Based on this evidence, the Court agrees that Defendant committed a violation of law, as alleged in Violation No. 4, however the Government has not proven that it is more likely than not that the damage exceeded $1,000.00 based on this evidence. Nonetheless, the Court finds that Defendant more likely than not committed the lesser offense proscribed by Florida Statutes § 806.13(1)(b)1,

---

[3] At the evidentiary hearing, the Government confirmed that Violation No. 4 was predicated on cutting the chain to the Public Storage gate.

14

which reduces the underlying criminal violation in Violation No. 4 from a felony to a misdemeanor. *See* Fla. Stat. §§ 806.14(1)(a), (b)1 ("If the damage to such property is $200 or less, it is a misdemeanor of the second degree . . . ."). Defendant's objections on this point are sustained to the extent he argues that the Government did not prove the damage exceeded $1,000.00 by a preponderance of the evidence as to Violation No. 4. In all other respects, Defendant's objection is overruled.

As to Violation No. 12, Defendant appears to concede that he violated the terms of his supervision, but not on the day that is alleged in the Superseding Petition. Objs. at 9. As to Violation No. 13, Defendant appears to attempt to mitigate the violation alleged by asserting that it was not intentional. *Id.* As to Violation No. 14, Defendant likewise appears to attempt to mitigate the violation alleged by asserting that it happened only once. *Id.* As to each of these violations, Magistrate Judge Louis expressly found credible and unrebutted the testimony of U.S. Probation Officer Jason Roberts in finding that Defendant violated his conditions of supervised release, as alleged in Violation Nos. 12 through 14. R&R at 14.

With respect to a magistrate judge's credibility findings, this Court "may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings." *Amlong*, 500 F.3d at 1250. The Court finds no exceptional justification to discard Magistrate Judge Louis's findings that are based upon the testimony of U.S. Probation Officer Jason Roberts. To the extent that Defendant's arguments in his Objections as to Violation Nos. 12 through 14 constitute proper objections to Magistrate Judge Louis's Report and Recommendation, those objections are overruled. To the extent that Defendant's objections constitute arguments in mitigation, as opposed to proper objections to the Report and Recommendation, Defendant may assert those

mitigating factors at the Final Hearing re: Revocation of Supervised Release.

In sum, on *de novo* review, the Court agrees with the recommendations of the Report and Recommendation except as set forth above. Accordingly, the Court overrules Defendant's objections to Magistrate Judge Louis's findings in the Report and Recommendation except as set forth above.

## IV.    CONCLUSION

UPON CONSIDERATION of the Superseding Petition, the Report and Recommendation, Defendant's Objections, the Government's Response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's Report and Recommendation (ECF No. 469) is ADOPTED IN PART, and Defendant Wilfredo Gonzalez Arce's Objections (ECF No. 472) to Magistrate Judge Louis's Report and Recommendation are OVERRULED IN PART and SUSTAINED IN PART, as set forth above. The Court finds that Defendant Wilfredo Gonzalez Arce has violated the conditions of his supervised release as alleged in Violation Nos. 1, 2, 3, 12, 13, and 14 of the Superseding Petition. As to Violation No. 4 of the Superseding Petition, the Court finds that Defendant Wilfredo Gonzalez Arce has violated the conditions of his supervised release by committing a violation of the law, that being the lesser offense proscribed by Florida Statutes § 806.13(1)(b)1. A Final Hearing re: Revocation of Supervised Release shall be set by separate Notice.

DONE AND ORDERED in Chambers at Miami, Florida, this *3rd* day of March, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record